UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIYAM AKMAL,

    Plaintiff,

v.

BOEING COMMERCIAL AIRPLANES, et al.,

    Defendants.

Case No. C18-697RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* on the Court's Order to Show Cause, Dkt. #13. Plaintiff Mariyam Akmal filed this action on May 14, 2018, and her Complaint was filed on the docket four days later. *See* Dkts. #1–5. She named as Defendants "Boeing Commercial Airplanes" and several individuals associated with Boeing. Dkt. #5. No Defendant has appeared.

On September 7, 2018, the Court issued an Order to Show Cause why this case should not be dismissed for failure to comply with Rule 4(m)'s timing requirement for service. Dkt. #13. In an earlier filing with this Court, Plaintiff stated she believed she had 120 days to serve Defendants from the time she filed this action. Dkt. #12 at 1. Regardless, the Court's Order to Show Cause indicated that Plaintiff had not served defendants within the 90 day time limit set by Rule 4(m). Under that rule, the Court must dismiss this action without prejudice or order that

ORDER OF DISMISSAL - 1

service be made within a specific time, "unless plaintiff shows good cause for the failure." The Court provided Plaintiff an opportunity to explain the delay in service. Dkt. #13.

Plaintiff responded on September 18, 2018, stating that she "simply did not realize that as of 2015, the time had been reduced to 90 days" to serve defendants. Dkt. #14 at 2. She apologized for not being aware of the current rule. She stated, "right as I was preparing the praecipe for the issuance of the summons, not realizing that I had already missed the 90 day deadline, I discovered another case against the defendant Boeing which parallels mine very closely." *Id*. She went on to say she is still in the process of securing a lawyer. She provided no further explanation for failing to serve within 90 or even 120 days of the Complaint being filed.

Federal Rule of Civil Procedure 4(m) states in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Several years ago, this rule was changed to reduce the time for service from 120 days to 90 days, effective December 1, 2015.

The Court finds that Plaintiff has failed to serve Defendants within the time limit set by Rule 4(m) and failed to provide good cause for that failure. Even if Plaintiff had believed in good faith that she had 120 days to serve, she admits now that she has failed to serve within that extended deadline. Plaintiff's explanation that she continues to discover new relevant cases and continues to search for a lawyer that will take her case do not adequately explain the failure to serve, as such efforts could be continued after service. The Court is forced to conclude that dismissal without prejudice is appropriate in this case.

ORDER OF DISMISSAL - 2

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED without prejudice.

2) This case is CLOSED.

DATED this 19 day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3